OPINION
{¶ 1} Appellant Cedric Jenkins appeals the decision of the Stark County Court of Common Pleas, Juvenile Division, that found him guilty of domestic violence under R.C. 2919.25(C) and denied his motion to dismiss pursuant to Juv.R. 29(F). The following facts give rise to this appeal.
 {¶ 2} On June 18, 2003, Officer Scott Blake, of the Alliance Police Department, charged appellant with domestic violence pursuant to R.C. 2919.25(C). Cedric is a seventeen-year-old youth who was born with spinal bifida and two club feet. Appellant has a short, stooped stature and uses a cane to walk. Appellant lives with his aunt/guardian Ms. Ella Meadows. Appellant has lived with Ms. Meadows since he was eighteen months old.
 {¶ 3} On the evening in question, an argument ensued between appellant and Ms. Meadows. The argument continued and Ms. Meadows telephoned the police to report a runaway situation. In order to prevent appellant from leaving the house, Ms. Meadows took appellant's shoes and walking cane. Officer Blake arrived at the scene and spoke to Ms. Meadows.
 {¶ 4} Thereafter, Ms. Meadows and Officer Blake proceeded into appellant's bedroom, where appellant was lying, on one arm, across the bed. In Officer Blake's presence, appellant made a comment that Officer Blake interpreted could have been a threat. Officer Blake attempted to clarify appellant's statement and at that point, appellant stated, "if you don't get me out of here I'm gonna kill her."
 {¶ 5} After appellant made this statement, Officer Blake decided to arrest appellant for domestic violence pursuant to R.C. 2919.25(C). Ms. Meadows gave appellant his shoes and cane. Thereafter, appellant left the residence with Officer Blake.
 {¶ 6} Appellant subsequently entered a plea of not true to the charge of domestic violence. Following an adjudication hearing, a magistrate found that appellant committed the crime of domestic violence and was therefore delinquent. At a separate dispositional hearing, the magistrate sentenced appellant to the Multi-County Juvenile Attention Center for a period of twenty-eight days.
 {¶ 7} Appellant filed objections to the magistrate's adjudication and dispositional orders. The trial court overruled the objections. The trial court subsequently conducted a review hearing. At this hearing, appellant moved to dismiss the case pursuant to Juv.R. 29(F). The trial court indicated it would consider appellant's motion when he was released from probation. Thereafter, appellant timely filed a notice of appeal and sets forth the following assignments of error for our consideration:
 {¶ 8} "I. The prosecution court failed to prove the elements of R.C. 2919.25(C) beyond a reasonable doubt, thereby committing prejudicial error and violating Mr. Jenkins' rights under the due process clause of the Fourteenth Amendment of the United States Constitution and Article I, Section 16 of the Ohio Constitution.
 {¶ 9} "II. The trial court erred when it overruled Mr. Jenkins (sic) motion to dismiss under Juvenile rule 29(F) following the completion of the prosecution's case, thereby committing prejudicial error and violating Mr. Jenkins (sic) rights under the due process clause of the Fourteenth Amendment of the United States Constitution and Article I, Section 16 of the Ohio Constitution."
 I, II {¶ 10} We will address appellant's First and Second Assignments of Error simultaneously. In his First Assignment of Error, appellant contends the prosecution failed to prove the elements of R.C. 2919.25(C) beyond a reasonable doubt. Appellant maintains, in his Second Assignment of Error, the trial court erred when it denied his motion to dismiss pursuant to Juv.R. 29(F). We agree with both assignments of error.
 {¶ 11} Appellant's two assignments of error challenge the sufficiency of the evidence. On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction.State v. Jenks (1991), 61 Ohio St.3d 259. "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." Id. at paragraph two of the syllabus. It is based upon this standard that we review appellant's two assignments of error.
 {¶ 12} Officer Blake charged appellant with domestic violence under R.C. 2919.25(C). This section of the domestic violence statute provides as follows:
 {¶ 13} "(C) No person, by threat of force, shall knowingly cause a family or household member to believe that the offender will cause imminent physical harm to the family or household member."
 {¶ 14} R.C. 2901.01(A)(3) defines "physical harm" as "* * * any injury, illness, or other physiological impairment, regardless of its gravity or duration." Appellant did not cause any physical harm to Ms. Meadows and further argues the threat of physical harm was not imminent as required by R.C. 2919.25(C). The Revised Code does not define the word "imminent." Therefore, because the word is not defined by statute, we must apply the plain, ordinary meaning in the English language. Webster's II New Riverside University Dictionary (1984) 611, defines the word "imminent" as "about to occur at any moment."
 {¶ 15} We agree with appellant's contention that Ms. Meadows was not in fear of imminent physical harm. This conclusion is supported by Ms. Meadows' testimony. At the trial, Ms. Meadows testified as follows about her fear of appellant:
 {¶ 16} "Q. So were you in fear that he was actually going to kill you?
 {¶ 17} "A. Yes because he could go out to the street and get a gun from anybody and bring it home. You know.
 {¶ 18} "Q. Were you in fear right then that he was going to hurt you?
 {¶ 19} "A. Yes.
 {¶ 20} "Q. So you thought at that moment . . .
 {¶ 21} "A. Yes if the police left he would try to do something." Tr. at 6.
 {¶ 22} Ms. Meadows also admitted, on cross-examination, that she was not afraid of appellant once she had his cane. Id. at 13. Further, appellant did not have any knives or guns, in his possession, that he could have used to harm Ms. Meadows. Id. at 24.
 {¶ 23} Based upon Ms. Meadows' testimony, we conclude there was not a threat of imminent harm. Ms. Meadows knew that without his cane, appellant was immobilized and would only be able to walk a short distance. Id. at 15. It would not have been possible for appellant to harm Ms. Meadows, in the presence of the police officer. Ms. Meadows' fears were based on the fact that appellant may attempt to harm her once the officer left the residence. Id. at 6. However, a fear of future harm does not satisfy the elements of R.C. 2919.25(C).
 {¶ 24} In City of Cincinnati v. Baarlaer (1996),115 Ohio App.3d 521, the First District Court of Appeals held that a defendant's threat from jail, that "as soon as I make bond, I'm going to kick your ass," did not cause the victim to believe physical harm was imminent within the meaning of the domestic violence statute because the threat was made by telephone when the defendant was behind bars and distant from the victim. Id. at 528. Although Ms. Meadows was not distant from appellant, as was the victim in Baarlaer, appellant was not capable of acting on the threat due to his physical condition and lack of any weapons.
 {¶ 25} Also, in City of Hamilton v. Cameron (1997),121 Ohio App.3d 445, the Twelfth District Court of Appeals held that to show a violation of R.C. 2919.25(C), it must be shown, by the prosecution, that the victim believed the offender would cause her imminent physical harm at the time the incident took place. Id. at 449. In the matter currently before the court, there is no indication, from the record, that Ms. Meadows believed appellant would cause her imminent physical harm at the time appellant made the statement in front of Officer Blake. Instead, Ms. Meadows was concerned about what may happen after Officer Blake left the residence. See Tr. at 6.
 {¶ 26} We also agree with appellant that his statement was merely a conditional threat. A conditional threat can constitute a violation of the menacing laws, but not a violation of R.C.2919.25(C). State v. Collie (1996), 108 Ohio App.3d 580, 582. A threat is conditional where a prerequisite must occur before the actor intends or is empowered to carry out the threat. The threat under consideration, in this case, was conditional because appellant did not intend to harm Ms. Meadows unless he was left alone with her.
 {¶ 27} Accordingly, we conclude the trial court should have granted appellant's motion to dismiss under Juv.R. 29(F) because there was no fear of imminent harm and appellant's threat against Ms. Meadows was conditional.
 {¶ 28} Appellant's First and Second Assignments of Error are sustained.
 {¶ 29} For the foregoing reasons, the judgment of the Court of Common Pleas, Juvenile Division, Stark County, Ohio, is hereby reversed.
Wise, J., Farmer, P.J., and Boggins, J., concur.