[Cite as *In re J.D.S.*, 2014-Ohio-77.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

| | | |
|---|---|---|
| IN THE MATTER OF: | : | |
| | | CASE NOS. CA2013-06-046 |
| J.D.S. | : | CA2013-06-051 |
| | : | O P I N I O N<br>1/13/2014 |
| | : | |
| | : | |

APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
JUVENILE DIVISION
Case No. 2012 JA 50530

Brafford & Phillips, Suellen M. Brafford, 285 East Main Street, Batavia, Ohio 45103, for appellant J.D.S.

D. Vincent Faris, Clermont County Prosecuting Attorney, Judith A. Brant, 76 South Riverside Drive, 2nd Floor, Batavia, Ohio 45103, for appellee, state of Ohio

**PIPER, J.**

{¶ 1} Defendant-appellant, J.D.S., appeals her delinquency adjudication by the Clermont County Common Pleas Court, Juvenile Division, for cruelty to animals.

{¶ 2} During the night of April 6 and into the early morning hours of April 7, 2012, a crime spree occurred in the Four Seasons subdivision in Goshen Township. Homes located in the subdivision were broken into, signs and houses were vandalized, and property was damaged. Police also received a report that a dog had been stabbed, resulting in a

laceration from his stomach to his neck. The dog required medical attention, including stitches and staples to close the wound.

{¶ 3} Upon investigation, police discovered blood "right next to" the owner's fence where the dog had been stabbed. Given the close proximity of the blood to the fence, police determined that the person who stabbed the dog was located on the other side of the fence, and had reached through the fence in order to stab the dog. The dog's owners reported the incident to the news station, and also offered a reward for information on the stabbing.

{¶ 4} The owners received four "tips" regarding the stabbing, and turned the information over to police. Police eventually determined that J.S., her father, and her boyfriend were responsible for the crime spree, based in part upon information received from the dog's owners. Upon police questioning, J.S., her father, and her boyfriend admitted that they had committed the crimes, though J.S. denied that she had stabbed the dog.

{¶ 5} A complaint was filed in the juvenile court, charging J.S. with cruelty to animals. The juvenile court appointed J.S. with counsel and the matter proceeded to a bench trial. The state offered testimony from Sergeant Ron Robinson, who investigated the matter, as well as two witnesses who testified that J.S. spoke to them about stabbing a dog. At the end of the state's case, J.S. moved for a Crim. R. 29 motion, which was denied. The juvenile court found J.S. delinquent and sentenced her to pay restitution to the dog's owners, 32 hours of community service, as well as several terms of probation. J.S. now appeals the juvenile court's adjudication of delinquency, raising the following assignments of error. For ease of discussion, we will discuss the assignments of error together because they are interrelated.

{¶ 6} Assignment of Error No. 1:

{¶ 7} THE TRIAL COURT WENT AGAINST THE MANIFEST WEIGHT OF EVIDENCE WHEN IT FOUND APPELLANT GUILTY OF ANIMAL CRUELTY.

{¶ 8} Assignment of Error No. 2:

{¶ 9} THE TRIAL COURT ABUSED ITS DISCRETION BY NOT GRANTING APPELLANT'S RULE 29 MOTION.

{¶ 10} J.S. argues in her two assignments of error that the juvenile court erred in overruling her Crim.R. 29 motion and in finding her delinquent because her adjudication is against the manifest weight of the evidence.

{¶ 11} We begin by noting that the parties have argued the assignments of error within the framework of criminal law and procedure. In Ohio, being found delinquent is different from being found guilty of a crime. *In re Good*, 118 Ohio App.3d 371, 375 (12th Dist.1997). Juvenile proceedings have different rules than a criminal trial. *Id.* The purpose of a delinquency proceeding is to determine if the juvenile is delinquent, i.e., has violated a law of this state, one of its political subdivisions, or the United States which would be a crime if committed by an adult. *Id.*, citing R.C. 2151.02(A).

{¶ 12} With the exception of a jury trial, juveniles are entitled to the same procedural safeguards afforded adults in the criminal courts. *See In re Gualt*, 387 U.S. 1, 87 S.Ct. 1428 (1967). One of those protections requires the state to prove the allegation of delinquency by proof beyond a reasonable doubt. Juv.R. 29(E)(4). If a delinquency allegation is not supported by proof beyond a reasonable doubt, then the court is obligated to dismiss the complaint. Juv.R. 29(F)(1).

{¶ 13} During the dispositional hearing, J.S. generically moved to dismiss the charge "under Rule 29" without specifying whether she was relying on the criminal or juvenile rule. The parties cannot be faulted for relying on criminal law precedents to argue sufficiency and weight of the evidence. Courts have generally relied on criminal cases when analyzing sufficiency and weight of evidence questions in delinquency proceedings. *See, e.g., In re Jenkins*, 5th Dist. Stark No. 2003CA00330, 2004-Ohio-2657 (relying on *State v. Jenks*, 61

- 3 -

Ohio St.3d 259 (1991) to affirm the denial of a Juv.R. 29(F) motion claiming insufficient evidence); *In re Horton*, 4th Dist. Adams No. 04CA794, 2005-Ohio-3502, ¶20 (standard to be used in reviewing sufficiency of evidence in delinquency proceeding is the same used in criminal convictions); *In re Lower*, 4th Dist. Highland No. 06CA31, 2007-Ohio-1735, ¶ 21 (same weight of the evidence standard used in criminal cases is used in reviewing delinquency adjudications).

{¶ 14} With the foregoing in mind, we turn to the specific arguments presented in support of and against the assignments of error.

{¶ 15} Pursuant to Crim.R. 29(A), "the court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged * * * if the evidence is insufficient to sustain a conviction of such offense or offenses." On review, "an appellate court 'will not reverse the trial court's judgment unless reasonable minds could only reach the conclusion that the evidence failed to prove all elements of the crime beyond a reasonable doubt.'" *State v. Adams,* 12th Dist. Butler No. CA2006-07-160, 2007-Ohio-2583, ¶ 19, quoting *State v. Miley,* 114 Ohio App.3d 738, 742 (4th Dist.1996). In order to affirm the denial of a Crim.R. 29 motion, we need only find that there was legally sufficient evidence to sustain the guilty verdict. *State v. Thompkins,* 78 Ohio St.3d 380, 386 (1997).

{¶ 16} When reviewing the sufficiency of the evidence underlying a criminal conviction, an appellate court examines the evidence in order to determine whether such evidence, if believed, would support a conviction. *State v. Wilson,* 12th Dist. Warren No. CA2006-01-007, 2007-Ohio-2298. "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks,* 61 Ohio St.3d 259 (1991), paragraph two of the syllabus, superseded on other grounds.

- 4 -

{¶ 17} J.S. also challenges her adjudication as being against the manifest weight of the evidence. A manifest weight challenge examines the inclination of the greater amount of credible evidence, offered at a trial, to support one side of the issue rather than the other. *State v. Wilson,* 12th Dist. Warren No. CA2006-01-007, 2007-Ohio-2298.

> In determining whether a conviction is against the manifest weight of the evidence, the court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of the witnesses and determines whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.

*State v. Cummings,* 12th Dist. Butler No. CA2006-09-224, 2007-Ohio-4970, ¶ 12.

{¶ 18} While appellate review includes the responsibility to consider the credibility of witnesses and the weight given to the evidence, "these issues are primarily matters for the trier of fact to decide since the trier of fact is in the best position to judge the credibility of the witnesses and the weight to be given the evidence." *State v. Walker,* 12th Dist. Butler No. CA2006-04-085, 2007-Ohio-911, ¶ 26. Therefore, an appellate court will overturn a conviction due to the manifest weight of the evidence only in extraordinary circumstances to correct a manifest miscarriage of justice, and only when the evidence presented at trial weighs heavily in favor of acquittal. *Thompkins,* 78 Ohio St.3d at 386.

{¶ 19} According to R.C. 959.13(A)(1) "no person shall" "torture" or "needlessly mutilate" an animal. J.S. argues that her adjudication was improper and that the juvenile court should have granted her Crim.R. 29 motion because the state failed to present any direct evidence that she tortured or mutilated the dog, and because the state's witnesses were prejudiced against her when they testified. J.S. essentially argues that the only reason the state's witnesses testified that she committed the offense was because they were motivated by the reward offer and because they did not like her. However, the state presented evidence that J.S. tortured or mutilated the dog, and the juvenile court was in the

best position to judge the credibility of the witnesses.

{¶ 20} Sergeant Ron Robinson testified that he investigated the matter, and viewed the area where the dog was stabbed. Sergeant Robinson testified that he found blood very near to the fence, and that the person who stabbed the dog must have been standing on the other side of the fence when the stabbing occurred. Sergeant Robinson stated that the fence was made of a mesh material, and that there were openings within the fence large enough for a person to put a hand through the fence in order to commit the stabbing. Sergeant Robinson also testified that J.S., her boyfriend, and her father admitted to committing the crimes in the neighborhood on the night in question, though J.S. denied stabbing the dog.

{¶ 21} The state also presented the testimony of Ashley Wells, who stated that J.S. told her and other visitors that she stabbed a dog in the Four Seasons neighborhood with a "butcher's knife" through a fence. According to Well's testimony, J.S. told her that she and her boyfriend were in the backyard of a home getting ready to jump the fence when they heard the dog barking. J.S. told Wells that she had put her hand through the fence, stabbed the dog in its sternum, and then pulled the knife up the dog's body towards its throat. J.S. told Wells that she and her boyfriend ran away when they heard people come into the back yard.

{¶ 22} Erin Grundy also testified on behalf of the state. Grundy testified that she has known J.S. through J.S.'s father, and that J.S. told her that she was getting ready to rob a house when a dog came up to the fence. Grundy testified that J.S. told her that she "freaked out and pulled a knife out and cut the dog * * *." Grundy also testified that J.S. told her that she used a "butcher knife" to stab the dog, and that she did so through the fence.

{¶ 23} The juvenile court found the testimony of the state's witnesses credible, and we will not disturb that finding. Viewed in a light most favorable to the prosecution, the testimony established that J.S. stabbed the dog with a knife, and ran that knife up the dog's sternum to

its neck, thus constituting torture and mutilation of the dog. Therefore, we find that the evidence has proven all elements of the offense beyond a reasonable doubt so that the juvenile court's decision to overrule J.S.'s Crim.R. 29 motion was proper. J.S.'s adjudication was also not against the manifest weight of the evidence because the juvenile court did not clearly lose its way or create a manifest miscarriage of justice in adjudicating J.S. as delinquent.

{¶ 24} Having found that J.S.'s adjudication was supported by sufficient evidence, was not against the manifest weight of the evidence, and that the juvenile court properly overruled her Crim.R. 29 motion, J.S.'s two assignments of error are overruled.

{¶ 25} Judgment affirmed.

RINGLAND, P.J., and M. POWELL, J., concur.