[Cite as *In re M.P.R.*, 2015-Ohio-3102.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

|  |  |  |
|---|---|---|
| IN RE: | : | CASE NO. CA2014-10-209 |
| M.P.R. | : | O P I N I O N<br>8/3/2015 |
|  | : |  |
|  | : |  |
|  | : |  |

APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
JUVENILE DIVISION
Case Nos. JV2013-1411, JT2014-0358, JV2014-0788, JV2014-0789

Charlyn Bohland, Assistant Public Defender, 250 East Broad Street, Suite 1400, Columbus, Ohio 43215, for appellant

Michael T. Gmoser, Butler County Prosecuting Attorney, Audra R. Adams, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for appellee

**S. POWELL, J.**

{¶ 1} Appellant, M.P.R., appeals the decision of the Butler County Court of Common Pleas, Juvenile Division, declining to award him 90 days of confinement credit toward his commitment to the Ohio Department of Youth Services (DYS) for aggravated vehicular homicide. For the reasons outlined below, we reverse and remand for further proceedings.

{¶ 2} In September 2013, M.P.R. was adjudicated a delinquent child in case number JV2013-1411 for the underage possession of alcohol. As a result of the adjudication, the

juvenile court found it was in M.P.R.'s best interest that he be placed on basic probation. Thereafter, in April 2014, M.P.R. was involved in an accident while he was drag racing in a stolen car. The accident led to M.P.R.'s hospitalization, and caused the death of the passenger in the car he was driving.

{¶ 3} As a result of the April 2014 accident, four separate complaints were filed against M.P.R.: (1) case number JT2014-0358 alleged a series of traffic violations; (2) case number JV2014-0788 alleged M.P.R.'s conduct, if committed by an adult, would have constituted receiving stolen property in violation of R.C. 2913.51; (3) case number JV2014-0789 alleged M.P.R.'s conduct, if committed by an adult, would have constituted aggravated vehicular homicide in violation of R.C. 2903.06(A)(2); and (4) case number JV2013-1411 alleged M.P.R.'s receipt of new charges against him was a violation of court order from his prior disposition for the underage possession of alcohol.

{¶ 4} On April 28, 2014, a magistrate appointed counsel for M.P.R. and remanded him to the juvenile detention center (JDC). At a pretrial hearing on May 2, 2014, the juvenile court specified that M.P.R. was remanded to JDC on the complaint in case number JV2013-1411 alleging violation of court order.

{¶ 5} The adjudication hearing was held on September 17, 2014, and the parties reported they had reached a plea agreement. The parties agreed that the complaint alleging violation of court order and the complaint alleging traffic violations would "merge" into the aggravated vehicular homicide case. In exchange, M.P.R. admitted to the allegations in the aggravated vehicular homicide and receiving stolen property complaints, respectively.

{¶ 6} The juvenile court accepted M.P.R.'s admission and found him to be a delinquent child for conduct which, if committed by an adult, would constitute aggravated vehicular homicide and receiving stolen property. Following the adjudicatory hearing, separate entries were filed for each of the four original complaints. The entries for the

complaints alleging the traffic offenses and violation of court order both stated, in pertinent part, "[n]o adjudication finding was made. * * * This matter is being merged into [the aggravated vehicular homicide case]." Additionally, the court released M.P.R. from JDC on the violation of court order complaint, but remanded him to JDC in anticipation of disposition for his adjudication of delinquency in the receiving stolen property case.

{¶ 7} At the dispositional hearing on September 25, 2014, the juvenile court committed M.P.R. to the legal custody of DYS for consecutive terms of a minimum of 12 months on the adjudication of delinquency in the aggravated vehicular homicide case, and a minimum of six months on the adjudication of delinquency in the receiving stolen property case. Thereafter, M.P.R. requested confinement credit toward his DYS commitment for the time he spent in JDC prior to disposition.

{¶ 8} In response to M.P.R.'s request, the court observed that as of the date of the disposition, M.P.R. had been confined in JDC for 151 days. Consequently, the court allocated 61 days of confinement credit towards M.P.R.'s commitment to DYS on the adjudication for receiving stolen property. However, the court stated that it had been justified in holding M.P.R. for 90 days on the complaint for violation of court order, and therefore declined to allocate any confinement credit for that time towards his commitment to DYS on the adjudication for aggravated vehicular homicide.

{¶ 9} M.P.R. timely appealed. In January 2015, M.P.R. filed a motion with this court for a limited remand to rule on a pending motion for recalculation of confinement credit. This court granted the motion, and the matter went before the juvenile court in February 2015. The juvenile court denied M.P.R.'s request to recalculate his confinement credit, and the original appeal was reinstated. M.P.R. now raises one assignment of error:

{¶ 10} THE JUVENILE COURT ERRED WHEN IT REFUSED TO GRANT M.P.R. CREDIT FOR ALL OF THE TIME HE WAS CONFINED IN DETENTION FOR HIS

- 3 -

OFFENSE, IN VIOLATION OF R.C. 2152.18(B); FIFTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION; AND, ARTICLE I, SECTION 16, OHIO CONSTITUTION.

{¶ 11} In his single assignment of error, M.P.R. argues the juvenile court erred in its refusal to award him confinement credit towards his commitment to DYS for all 151 days he was confined in JDC prior to his disposition. In support of this claim, M.P.R. contends that because he was never adjudicated delinquent on the complaint for violation of court order, the court was without authority to allocate 90 days of M.P.R.'s pre-disposition confinement time to that complaint. Rather, because the court merged the violation of court order complaint with the aggravated vehicular homicide case, M.P.R. argues the court was required to credit 90 days of pre-disposition confinement time toward his commitment to D.Y.S. on the adjudication for aggravated vehicular homicide. The state concedes error.

{¶ 12} At the outset, we note that we are unable to reach the issue of "confinement credit" that constitutes the crux of M.P.R.'s appeal. "[J]uvenile courts are creatures of statute with limited jurisdiction set by the [Ohio] General Assembly." *In re R.M.*, 1st Dist. Hamilton No. C-120166, 2014-Ohio-1200, ¶ 15, citing *In re Agler*, 19 Ohio St.2d 70, 72-74 (1969). Yet, we are unaware of any authority that would justify the merger of the separate complaints against M.P.R. alleging traffic violations and violation of court order into the aggravated vehicular homicide case. Consequently, we find that the complaints alleging violation of court order and various traffic offenses are as yet unresolved.

{¶ 13} The purpose of a delinquency proceeding is to determine if the juvenile is delinquent, i.e., has violated a law that would be a crime if committed by an adult or violated a lawful order of the court. R.C. 2152.02(F)(1) and (2); *In re J.D.S.*, 12th Dist. Clermont Nos. CA2013-06-046 and CA2013-06-051, 2014-Ohio-77, ¶ 11. After a complaint has been filed in accordance with R.C. 2152.021 setting forth allegations of delinquency, the court must (i) transfer the case to the court of common pleas pursuant R.C. 2152.12, if appropriate; (ii) hold

a hearing to determine whether the complaint should be held in abeyance pursuant to R.C. 2152.021(F); or (iii) proceed toward an adjudicatory hearing to determine whether it has been proven beyond a reasonable doubt that the child is delinquent. *See* R.C. 2151.35(A)(1).

{¶ 14} Juv.R. 29 governs the procedures to be employed at adjudicatory hearings. Juv.R. 29(C) provides that the child against whom the allegations of delinquency were made may either admit or deny the allegations. Further, Juv.R. 29(F)(1) and (2) provide that the juvenile court, after a determination of the issues, may dismiss the complaint if the allegations therein were not proven or, if the allegations were proven or admitted, may:

(a) Enter an adjudication and proceed forthwith to disposition;

(b) Enter an adjudication and continue the matter for disposition for not more than six months and may make appropriate temporary orders;

(c) Postpone entry of adjudication for not more than six months;

(d) Dismiss the complaint if dismissal is in the best interest of the child and the community.

{¶ 15} However, neither R.C. Chapters 2151 or 2152, nor the Rules of Juvenile Procedure, expressly grant the juvenile court the authority to merge complaints alleging juvenile delinquency.[1] Rather, where a complaint alleging delinquency is not transferred to another court or held in abeyance, the pertinent rules and statutes limit the court to dismissing the complaint, postponing adjudication for up to six months, or adjudicating the

---

1. Ohio case law also does not provide a basis for the merger of complaints of juvenile delinquency. Ohio appellate courts have consistently held that R.C. 2941.25, the statute codifying the judicial doctrine of merger, does not apply to juvenile delinquency proceedings. *See In re A.G.*, 8th Dist. Cuyahoga No. 101010, 2014-Ohio-4927, *appeal allowed*, 142 Ohio St.3d 1464, 2015-Ohio-1896; *In re Skeens*, 10th Dist. Franklin Nos. 81AP-882 and 81AP-883, 1982 WL 3994 (Feb. 25, 1982). Additionally, the Tenth Appellate District has persuasively reasoned that the merger doctrine prevents multiple convictions for the same conduct, but it does not prevent the defendant from being found guilty of multiple offenses. *In re B.O.J.*, 10th Dist. Franklin Nos. 09AP-600, 09AP-601, and 09AP-602, 2010-Ohio-791, ¶ 23. Thus, "'[b]y analogy, the merger doctrine, to the extent that it applies to juvenile proceedings, does not prevent a juvenile court, as trier of fact, from finding that the same conduct supports multiple delinquency findings as long as the trial court enters one disposition for all such delinquency findings resulting from the same criminal act.'" *Id.*, quoting *In re Durham*, 10th Dist. Franklin Nos. 97APF12-1653 and 97APF12-1654, 1998 WL 635107, *4 (Sept. 17, 1998).

child delinquent.

{¶ 16} The United States Supreme Court has stated that "the final disposition of a [juvenile] case is 'largely irrelevant' to the legality of a pretrial detention." (Citations omitted.) *Schall v. Martin*, 467 U.S. 253, 273, 104 S.Ct. 2403 (1984). Confinement credit may be allocated to charges upon which a child is adjudicated delinquent. *See, e.g.,* R.C. 2152.19(A)(3) (if a child is adjudicated delinquent, in addition to any other disposition authorized or required by R.C. Chapter 2152, the court may "[p]lace the child in a detention facility * * * for up to 90 days"). Additionally, confinement credit may be allocated to charges against a child that have been dismissed. *See In re D.S.*, 8th Dist. Cuyahoga No. 101161, 2015-Ohio-518, ¶ 11-12. Yet, there must be an entry of record indicating that adjudication or dismissal occurred. *State ex rel. Fogle v. Steiner*, 74 Ohio St.3d 158, 163 (1995) (stating a court of record speaks only through its journal entries).

{¶ 17} For this reason, we find the juvenile court erred in the present case when it accepted the plea agreement between the parties involving the purported merger of the complaints against M.P.R. alleging traffic offenses and a violation of court order into the aggravated vehicular homicide case. *See, e.g., State v. Green*, 12th Dist. Butler No. CA2014-12-247, 2015-Ohio-2576, ¶ 16 (finding, in the context of a criminal conviction, the trial court's use of "merger" was erroneous where there had been no finding of guilt on the charges referenced).

{¶ 18} Because the juvenile court had original jurisdiction here, the court's error "is only error in the 'exercise of jurisdiction,' as distinguished from the want of jurisdiction in the first instance." (Citations omitted.) *Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, ¶ 22. Thus, upon remand, the juvenile court is required to proceed from the point at which the error occurred. *Id.* Accordingly, we sustain M.P.R.'s assignment of error to the limited extent indicated above, and remand the matter to the juvenile court to properly resolve the

respective complaints in case numbers JV2013-1411 (violation of court order) and JT2014-0358 (traffic offenses) pursuant to Juv.R. 29(F).

{¶ 19} Judgment reversed, and the cause is remanded for further proceedings consistent with this opinion.

PIPER, P.J., and M. POWELL, J., concur.