[Cite as *In re M.P.R.*, 2016-Ohio-3107.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| IN THE MATTER OF: | : | |
| | | CASE NOS. CA2015-11-200 |
| M.P.R. | : | CA2015-11-201 |
| | | CA2015-11-202 |
| | : | |
| | | O P I N I O N |
| | : | 5/23/2016 |
| | : | |

APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
JUVENILE DIVISION
Case Nos. JV2013-1411, JV2014-0788, JV2014-0789

Charlyn Bohland, Assistant State Public Defender, 250 East Broad Street, Suite 1400, Columbus, Ohio 43215, for appellant, M.P.R.

Michael T. Gmoser, Butler County Prosecuting Attorney, Lina N. Alkamhawi, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for appellee, state of Ohio

**HENDRICKSON, J.**

{¶ 1} Appellant, M.P.R., appeals from his dispositions in the Butler County Court of Common Pleas, Juvenile Division, arguing that he is entitled to receive additional confinement credit toward his commitment to the Ohio Department of Youth Services (DYS) for aggravated vehicular homicide and receiving stolen property.[1] For the reasons outlined

---

1. Pursuant to Loc.R. 6(A), we have sua sponte removed this appeal from the accelerated calendar.

below, we affirm in part, reverse in part, and remand for further proceedings.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} The facts pertinent to this case were previously set forth in *In re M.P.R.*, 12th

Dist. Butler CA2014-10-209, 2015-Ohio-3102, ¶ 2-8, and are as follows:

> In September 2013, M.P.R. was adjudicated a delinquent child in case number JV2013-1411 for the underage possession of alcohol. As a result of the adjudication, the juvenile court found it was in M.P.R.'s best interest that he be placed on basic probation. Thereafter, in April 2014, M.P.R. was involved in an accident while he was drag racing in a stolen car. The accident led to M.P.R.'s hospitalization, and caused the death of the passenger in the car he was driving.
>
> As a result of the April 2014 accident, four separate complaints were filed against M.P.R.: (1) case number JT2014-0358 alleged a series of traffic violations; (2) case number JV2014-0788 alleged M.P.R.'s conduct, if committed by an adult, would have constituted receiving stolen property in violation of R.C. 2913.51; (3) case number JV2014-0789 alleged M.P.R.'s conduct, if committed by an adult, would have constituted aggravated vehicular homicide in violation of R.C. 2903.06(A)(2); and (4) case number JV2013-1411 alleged M.P.R.'s receipt of new charges against him was a violation of court order from his prior disposition for the underage possession of alcohol.
>
> On April 28, 2014, a magistrate appointed counsel for M.P.R. and remanded him to the juvenile detention center (JDC). At a pretrial hearing on May 2, 2014, the juvenile court specified that M.P.R. was remanded to JDC on the complaint in case number JV2013-1411 alleging violation of court order.
>
> The adjudication hearing was held on September 17, 2014, and the parties reported they had reached a plea agreement. The parties agreed that the complaint alleging violation of court order and the complaint alleging traffic violations would "merge" into the aggravated vehicular homicide case. In exchange, M.P.R. admitted to the allegations in the aggravated vehicular homicide and receiving stolen property complaints, respectively.
>
> The juvenile court accepted M.P.R.'s admission and found him to be a delinquent child for conduct which, if committed by an adult, would constitute aggravated vehicular homicide and receiving stolen property. Following the adjudicatory hearing, separate entries were filed for each of the four original complaints. The

entries for the complaints alleging the traffic offenses and violation of court order both stated, in pertinent part, "[n]o adjudication finding was made. * * * This matter is being merged into [the aggravated vehicular homicide case]." Additionally, the court released M.P.R. from JDC on the violation of court order complaint, but remanded him to JDC in anticipation of disposition for his adjudication of delinquency in the receiving stolen property case.

At the dispositional hearing on September 25, 2014, the juvenile court committed M.P.R. to the legal custody of DYS for consecutive terms of a minimum of 12 months on the adjudication of delinquency in the aggravated vehicular homicide case, and a minimum of six months on the adjudication of delinquency in the receiving stolen property case. Thereafter, M.P.R. requested confinement credit toward his DYS commitment for the time he spent in JDC prior to disposition.

In response to M.P.R.'s request, the court observed that as of the date of the disposition, M.P.R. had been confined in JDC for 151 days. Consequently, the court allocated 61 days of confinement credit towards M.P.R.'s commitment to DYS on the adjudication for receiving stolen property. However, the court stated that it had been justified in holding M.P.R. for 90 days on the complaint for violation of court order, and therefore declined to allocate any confinement credit for that time towards his commitment to DYS on the adjudication for aggravated vehicular homicide.

{¶ 3} On appeal, M.P.R. argued the juvenile court erred in its refusal to award him confinement credit towards his commitment to DYS for all 151 days he was confined in JDC prior to his disposition. *Id.* at ¶ 11. He contended that because the juvenile court "merged" the violation of court order complaint with the aggravated vehicular homicide case, the court was required to credit 90 days of predisposition confinement toward his commitment to DYS on the adjudication for aggravated vehicular homicide. *Id.* at ¶ 11. We were unable to reach the merits of M.P.R.'s arguments on appeal, however, because the trial court had not yet resolved the complaints alleging violation of court order and various traffic offenses. *Id.* at ¶ 12. We therefore remanded the case to the trial court to set forth an entry indicating adjudication or dismissal of the complaints for violation of court order and the traffic offenses.

*Id.* at ¶ 18-19.

{¶ 4} On remand, the complaints alleging violation of court order and the traffic offenses were dismissed. At a hearing held on October 5, 2015, the juvenile court heard argument regarding the confinement credit M.P.R. was entitled to receive, and the court took the matter under advisement. On October 16, 2015, the juvenile court issued final appealable orders in all four cases.

{¶ 5} With respect to the dismissed traffic offense case, M.P.R. was not credited with any confinement time. As for the dismissed violation of court order case, the court allocated 139 days of confinement credit towards the charge for the time M.P.R. spent in JDC from May 2, 2014, to September 17, 2014. In allocating the 139 days of credit, the court specifically stated that M.P.R. "shall receive 0 days of detention credit on his other charges in JV2014-0788 [the receiving stolen property case] and JV2014-0789 [the aggravated vehicular homicide case], as a consequence of the time served on the charge herein."

{¶ 6} As for the two cases M.P.R. entered admissions on, the court committed M.P.R. to the legal custody of DYS for consecutive terms of a minimum of six months in the receiving stolen property case and minimum of 12 months in the aggravated vehicular homicide case. The court allocated 19 days of confinement credit in the receiving stolen property case for the time M.P.R. spent in JDC from April 28, 2014, to May 2, 2014 (five days) and September 17, 2014, to September 30, 2014 (14 days), and also allocated five days of confinement credit in the aggravated vehicular homicide case for the time M.P.R. spent in JDC from April 28, 2014, to May 2, 2014.

{¶ 7} M.P.R. timely appealed, raising the following as his sole assignment of error:

{¶ 8} THE JUVENILE COURT ERRED WHEN IT REFUSED TO GRANT M.P.R. CREDIT FOR ALL OF THE TIME HE WAS CONFINED IN DETENTION FOR HIS

OFFENSE, IN VIOLATION OF R.C. 2152.18(B); FIFTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION; AND ARTICLE I, SECTION 16, OHIO CONSTITUTION.

{¶ 9} In his single assignment of error, M.P.R. argues the juvenile court erred in its refusal to award him confinement credit toward his commitment to DYS for all 155 days he was confined in JDC.[2] M.P.R. contends that because he was never adjudicated delinquent on the complaint for violation of court order, the court was without authority to allocate 139 of predisposition confinement time to the charge. He further contends that even if the court were permitted to allocate time to the dismissed complaint for violation of court order, the maximum amount of time that could be allocated was 90 days pursuant to R.C. 2152.19(A)(3).

{¶ 10} In M.P.R.'s first appeal to this court, we recognized that

> [t]he United States Supreme Court has stated that "the final disposition of a [juvenile] case is 'largely irrelevant' to the legality of a pretrial detention." (Citations omitted.) *Schall v. Martin,* 467 U.S. 253, 273, 104 S.Ct. 2403 (1984). Confinement credit may be allocated to charges upon which a child is adjudicated delinquent. *See, e.g.,* R.C. 2152.19(A)(3) (if a child is adjudicated delinquent, in addition to any other disposition authorized or required by R.C. Chapter 2152, the court may "[p]lace the child in a detention facility * * * for up to 90 days"). *Additionally, confinement credit may be allocated to charges against a child that have been dismissed. See In re D.S.,* 8th Dist. Cuyahoga No. 101161, 2015-Ohio-518, ¶ 11-12.

(Emphasis added.) *In re M.P.R.,* 2015-Ohio-3102 at ¶ 16.

---

2. {¶ a} We note that M.P.R. was confined in JDC from April 28, 2014, to September 30, 2014, for a total of 155 days. In allocating confinement credit for these days, the juvenile court "double counted" certain days, resulting in M.P.R. receiving credit for more than the 155 days he was confined. For instance, M.P.R. was credited for being confined on May 2, 2014, twice—once as it related to his detainment for the aggravated vehicular homicide and receiving stolen property charges (from April 28, 2014, to May 2, 2014) and once as it related to his detainment for violation of a court order (from May 2, 2014, to September 17, 2014). Similarly, M.P.R. was credited for being confined on September 17, 2014, twice—once as it related to his detainment for violation of a court order and once as it related to his detainment for receiving stolen property.

{¶ b} For purposes of addressing M.P.R.'s arguments on appeal, we shall refer to the total sum of his confinement as 155 days.

{¶ 11} M.P.R. argues our statement that confinement credit may be allocated to charges against a child that have been dismissed was an incorrect statement of law. He further argues that our reliance on the Eighth District Court of Appeals' decision in *In re D.S.* was misplaced. For the reasons set forth below, we find no merit to M.P.R.'s arguments.

{¶ 12} R.C. 2152.18(B) provides that

> [w]hen a juvenile court commits a delinquent child to the custody of the department of youth services pursuant to this chapter, the court shall state in the order of commitment the total number of days that the child has been confined *in connection with the delinquent child complaint upon which the order of commitment is based.*"

(Emphasis added.)

{¶ 13} In *In re D.S.*, the Eighth District had cause to interpret the foregoing statute to determine whether a juvenile was entitled to confinement credit for time the juvenile spent in jail in connection with a previously filed case in which he had been bound over to be tried as an adult. 2015-Ohio-518, ¶ 1. There, D.S. had been charged in juvenile court case number DL-13106887 with committing acts which, if committed by an adult, would constitute the crime of aggravated robbery with a firearm specification. *Id.* at ¶ 2. D.S. was remanded to the juvenile detention center following notice by the state that it intended to try him as an adult. *Id.* D.S. was later transferred to county jail pending trial in the general division. *Id.* Months later, D.S. and the state reached an agreement wherein the felony case against D.S. would be dismissed without prejudice and the case transferred back to the juvenile division for D.S. to enter an admission to the charge of robbery with a one-year firearm specification. *Id.* at ¶ 3. These charges were filed under a new complaint in juvenile court case number DL-14102017. *Id.*

{¶ 14} D.S. admitted the allegations in DL-14102017 and, pursuant to a plea agreement reached with the state, agreed to serve a minimum one-year commitment with

DYS and a mandatory one-year commitment on the firearm specification. *Id.* at ¶ 4. The juvenile court accepted the admission for disposition and imposed the agreed two-year commitment, but refused to grant D.S.'s request for confinement credit for the time he spent awaiting resolution of the charges because the confinement occurred in DL-13106887 (the originally filed case), and not in DL14102017. *Id.* at ¶ 4.

{¶ 15} The Eighth District upheld the juvenile court's decision not to award confinement credit, finding that "there was no period of confinement in connection with the delinquent child complaint upon which the order of commitment was based" in DL14102017. *Id.* at ¶ 12. In reaching this determination, the court examined the plain language of R.C. 2152.18(B), and stated:

> [A] plain reading of R.C. 2152.18(B) does not support the parties' argument that the court erred by refusing to grant D.S. confinement credit. The statute states that credit is applied "in connection with the delinquent child *complaint upon which the order of commitment is based.*" (Emphasis added.) The statute permits no interpretation other than that the confinement relates to the underlying complaint, not any proceedings under previously dismissed complaints or indictments.
>
> Our interpretation of R.C. 2152.18(B) is supported by the maxim of statutory construction stating that the expression of one thing is the exclusion of the other. R.C. 2967.191, dealing with the reduction of a prison term for related days of confinement for adult offenders, instructs the department of rehabilitation and correction to reduce a state prison term "by the total number of days that the prisoner was confined *for any reason arising out of the offense* for which the prisoner was convicted and sentenced * * *." (Emphasis added.) The difference between the two statutes is manifest: R.C. 2152.18(B) speaks of confinement related to the "complaint"; R.C. 2967.191 speaks of confinement arising out of the "offense." The word "complaint" must be viewed in the context of juvenile delinquency proceedings as "the legal document that sets forth the allegations that form the basis for juvenile court jurisdiction." Juv.R. 2(F). The use of the word "complaint" in R.C. 2152.18(B) suggests that confinement credit for juveniles is limited in application to the facts and circumstances making up the allegations in a complaint.

*In re D.S.* at ¶ 6-7.[3]

{¶ 16} We agree with the Eighth District's analysis as it relates to R.C. 2152.18(B) and conclude that the statute restricts confinement credit to time confined "in connection with the delinquent child complaint upon which the order of commitment is based." As a result, confinement credit may be allocated to charges against a child that have been dismissed so long as the juvenile had been held in detention on the later-dismissed delinquency complaint. *Accord In re O.H.*, 4th Dist. Washington No. 09CA38, 2010-Ohio-1244 (affirming a juvenile court's decision not to allocate confinement credit towards a probation violation where a juvenile had been held in detention on a later-dismissed complaint for domestic violence).

{¶ 17} In concluding that confinement credit may be allocated to charges against a child that have been dismissed, we decline to address M.P.R.'s argument that the juvenile court's application of R.C. 2152.18(B) violated his constitutional due process rights. "It is well-established that the 'failure to raise at the trial court level the issue of the constitutionality of a statute or its application, which issue is apparent at the time of trial, constitutes a waiver of such issue and a deviation from the state's orderly procedure, and therefore need not be heard for the first time on appeal.'" *State v. McCuller*, 12th Dist. Butler No. CA2005-07-192, 2007-Ohio-348, ¶ 28, quoting *State v. Awan*, 22 Ohio St.3d 120 (1986), syllabus; *see also State v. Mullins*, 12th Dist. Butler CA2007-01-028, 2008-Ohio-1995, ¶ 18-19 (finding that the constitutionality of a statute "may not be raised for the first time on appeal"). As M.P.R. failed to raise any constitutional challenge to the statute at the time of his initial disposition or at the October 5, 2015 hearing on remand, the issue is not properly before us.

{¶ 18} Although we find no error in the juvenile court's decision to allocate confinement

---

3. We are aware that D.S. appealed the Eighth District's decision in *In re D.S.* The Ohio Supreme Court accepted jurisdiction of the case and the appeal remains pending. *In re D.S.*, 143 Ohio St.3d 1477, 2015-Ohio-3958.

credit to the dismissed complaint for violation of a court order, we do find error in the number of days that were allocated to the charge. Here, the juvenile court allocated 139 days of confinement to the complaint for violation of a court order. This is not authorized by law. Pursuant to R.C. 2152.04, "[a] child who is alleged to be, or who is adjudicated, a delinquent child may be confined in a place of juvenile detention provided under section 2152.41 of the Revised Code *for a period not to exceed ninety days* * * *." (Emphasis added.) *See also* R.C. 2152.19(A)(3) ("If a child is adjudicated a delinquent child, the court may * * * [p]lace the child in a detention facility * * * for up to ninety days). The maximum amount of confinement credit that the juvenile court could allocate to the violation of court order complaint was, therefore, 90 days. Anytime M.P.R. spent in JDC beyond 90 days must be allocated to a separate complaint.

{¶ 19} Therefore, for the reasons stated above, we overrule in part and sustain in part M.P.R.'s sole assignment of error. To the extent that the juvenile court determined confinement credit could be allocated to the dismissed complaint for violation of court order, we find no error and affirm the court's decision. However, to the extent that the court allocated more than 90 days of confinement to the complaint for violation of court order, we find error and sustain M.P.R.'s assignment of error. The matter is remanded for the proper determination and allocation of confinement credit.

{¶ 20} Judgment affirmed in part, reversed in part, and remanded.

M. POWELL, P.J., and RINGLAND, J., concur.