[Cite as *State v. Race*, 2017-Ohio-612.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
SANDUSKY COUNTY

State of Ohio

   Appellee

v.

Casey L. Race

   Appellant

Court of Appeals No. S-16-018

Trial Court No. 16 CR 164

**DECISION AND JUDGMENT**

Decided:  February 17, 2017

* * * * *

Timothy F. Braun, Sandusky County Prosecuting Attorney,
and Norman P. Solze, Assistant Prosecuting Attorney, for appellee.

Brett A. Klimkowsky, for appellant.

* * * * *

**SINGER, J.**

{¶ 1} Appellant, Casey L. Race, appeals the April 4, 2016 judgment of the

Sandusky County Court of Common Pleas finding him guilty, following a jury trial, of

domestic violence in violation of R.C. 2919.25(C), a misdemeanor of the fourth degree.[1] Finding error in the trial court's judgment, we reverse.

## Assignments of Error

{¶ 2} Appellant sets forth the following assignments of error:

1. There is an insufficiency of the evidence to sustain Appellant's conviction of domestic violence—as proscribed by R.C. 2919.25(C)—, insofar as the requisite element of the threat of "imminent physical harm" was not established by the proofs offered into evidence at trial.

2. The trial court erred by refusing to grant Appellant's motion of acquittal via Crim.R. 29 for the criminal charge of domestic violence—as proscribed by R.C. 2919.25(C)—, insofar as the requisite element of the threat of "imminent physical harm" was not established by the proofs offered into evidence at trial.

## Factual Background

{¶ 3} On March 17, 2016, a bill of indictment was filed charging appellant with two counts of domestic violence and, further, counts of receiving stolen property, aggravated drug possession, and lesser drug possession.

{¶ 4} Eventually, appellant was found guilty of domestic violence in violation of R.C. 2919.25(C), a misdemeanor of the fourth degree; receiving stolen property in

---

[1] There is a clerical error in the judgment entry and jury verdict— "R.C. 2919.25(A)" should read as "R.C. 2919.25(C)."

2.

violation of R.C. 2913.51(A), a felony of the fourth degree; aggravated possession of drugs in violation of R.C. 2925.11(A)(C)(1)(a), a felony of the fifth degree; and, possession of drugs in violation of R.C. 2925.11(A)(C)(2)(a), a felony of the fifth degree.

{¶ 5} The sole domestic violence conviction related to a threat appellant made to his mother on January 6, 2016. Appellant lived with his mother, the victim, at that time. The record reflects that on that evening appellant made threats to the victim over the phone.

{¶ 6} Specifically, the victim testified that she was at the hospital and that she informed appellant about her plan to return home instead of moving into a nursing home. The victim's plan was to have nurses assist her in making this return home.

{¶ 7} In response, appellant allegedly threatened to kill the victim and anyone who joined her if she were to return home. The victim testified that although she felt "not good" resulting from this threat, her sense at that moment was that she was unsure whether appellant was serious. Nevertheless, she did testify that she did not want to return home that night, and that she begged the hospital staff to stay admitted.

{¶ 8} At trial, appellant's counsel moved the court for acquittal of the domestic violence charge allegedly committed against the victim "based upon lack of proof[.]" However, the trial court denied the motion.

{¶ 9} On March 31, 2016, appellant was found not amenable to community control and was sentenced to 30 days incarceration for the domestic violence. Appellant

3.

received an aggregate prison term of 17 months, including incarceration for the other three convictions. Only the domestic violence conviction was appealed.

{¶ 10} The judgment was journalized April 4, 2016, and timely notice of appeal was filed. Appellant now appeals from this judgment.

**Assignment of Error Nos. 1 and 2**

{¶ 11} In both assignments of error, appellant essentially argues there was insufficient evidence to convict him of domestic violence under R.C. 2919.25(C). Appellee disputes the contention by arguing there is ample support on record for the conviction. We find both of appellant's assignments can be addressed as one. *See*, *e.g.*, *In re Jenkins*, 5th Dist. Stark No. 2003CA00330, 2004-Ohio-2657, ¶ 10.

{¶ 12} On review for sufficiency, this court examines the evidence at trial to determine whether such evidence, if believed, would support a conviction. *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991). "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Id*. at paragraph two of the syllabus.

{¶ 13} On review of the denial of a Crim.R. 29(A) motion, this court views the evidence in a light most favorable to the state. *State v. Bridgeman*, 55 Ohio St.2d 261, 381 N.E.2d 184 (1978), syllabus. An entry of acquittal is improper "if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt." *Id*.

4.

{¶ 14} R.C. 2919.25(C) states, "[n]o person, by threat of force, shall knowingly cause a family or household member to believe that the offender will cause imminent physical harm to the family or household member."

{¶ 15} "The Revised Code does not define the word imminent." *In re Jenkins*, 5th Dist. Stark No. 2003CA00330, 2004-Ohio-2657, ¶ 14. However, Ohio courts have defined imminent as "near at hand or impending." *State v. Fisher*, 197 Ohio App.3d 591, 2011-Ohio-5965, 968 N.E.2d 510, ¶ 17 (2d Dist.). "It has also been defined as the belief of the victim that harm would occur immediately or, in the alternative, that the defendant will cause immediate physical harm." *Id.*

{¶ 16} "[G]enerally, a conditional threat, standing alone, is insufficient to satisfy the element of imminent physical harm." *State v. Schweitzer*, 2015-Ohio-925, 30 N.E.3d 190, ¶ 40 (3d Dist.). "A threat is conditional where a prerequisite must occur before the actor intends or is empowered to carry out the threat." *In re Jenkins* at ¶ 26, citing *State v. Collie*, 108 Ohio App.3d 580, 582, 671 N.E.2d 338 (1st Dist.1996). "A conditional threat can constitute a violation of the menacing laws, but not a violation of R.C. 2919.25(C)." *Id.*

{¶ 17} An illustrative case is *City of Cincinnati v. Baarlaer*, 115 Ohio App.3d 521, 685 N.E.2d 836 (1st Dist.1996). In *Baarlaer*, the appellate court reversed, finding that a conditional threat made over the phone was "to the degree that it could not provide a basis, in law, upon which to predicate a violation of R.C. 2919.25(C)." *Baarlaer* at 528. The rationale was that "the physical harm threatened was not imminent, and * * * the

5.

threat could not have caused the victim to believe that she stood in jeopardy of imminent harm." *Id.*

{¶ 18} Mr. Baarlaer, the defendant, called the victim from jail and threatened to harm her if she did not return his personal property. *Id.* Defendant's threat gave the victim an option. *Id.* In specific, the court recognized that "[s]he could return his truck and his clothes and so avoid the kicking he threatened to give her." *Id.* Because of the condition placed upon the threat, the court held that the totality of the circumstances led to the conclusion that the "imminent harm" element of R.C. 2919.25(C) was not met. *Id.*

{¶ 19} In this case, the victim testified appellant called and threatened to kill her. The record reveals this testimony was the only evidence offered to support the domestic violence conviction. Further, the victim's testimony supports that appellant's threat was conditioned on the victim returning home. The victim did not indicate she felt unsafe at that moment, and she even asked to stay admitted at the hospital— which confirms she felt safe at that specific time and place. Her concern was what may happen if she were to return home. Based on this, no reasonable trier-of-fact could find that appellant's threat was imminent or that the victim believed she stood in jeopardy of immediate physical harm. We, therefore, find no basis on record for the domestic violence conviction.

{¶ 20} Accordingly, appellant's assignments of error Nos. 1 and 2 are found well-taken.

6.

**Conclusion**

{¶ 21} For the foregoing reasons, the judgment of the Sandusky County Court of Common Pleas is reversed and remanded. The conviction and sentence for domestic violence is vacated and the trial court is to proceed on record consistent with this decision. Appellee is ordered to pay the costs pursuant to App.R. 24.

Judgment reversed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

_____
JUDGE

Arlene Singer, J.

_____
JUDGE

Thomas J. Osowik, J.
CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.